UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WENDELL A. MEEKS,

          Plaintiff,

v.

UNKNOWN DOOLITTLE et al.,

          Defendants.

_____/

Case No. 1:18-cv-867

Honorable Gordon J. Quist

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

I.      Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF)

in Ionia, Michigan. Plaintiff sues ICF Registered Nurse Unknown Doolittle because on November 29, 2015, he fell ill after taking his medication (Complera) that had been dispensed by Nurse Doolittle. Based on the symptoms he suffered after taking the medication, he alleges that Defendant Doolittle poisoned him. Plaintiff alleges that he sought treatment for being poisoned but was never seen or treated. Plaintiff indicates that Defendant Doolittle poisoned him five times, but he does not identify any specific instance other than the November 29, 2015, incident.

Plaintiff filed grievances regarding the poisoning and the subsequent failure to treat him. Plaintiff states that Defendant JoAnn Bunting, a registered nurse at ICF, responded to Plaintiff's grievance at the first step. She reviewed Plaintiff's healthcare record and concluded that Plaintiff had been called out and he refused to accept the call out. Plaintiff claims that he did not refuse call outs; but, he also notes that he was uncomfortable when Nurse Doolittle turned out to be the healthcare provider assigned to evaluate him. Defendant Bunting noted in her grievance response that Plaintiff received several call outs regarding the symptoms and not all of them were with Nurse Doolittle.

Plaintiff sues Defendant Bunting for her response to his grievance. Plaintiff sues Defendant Jody LeBarre, ICF Health Unit Manager, because she reviewed and signed off on the Step 1 grievance response.

Defendant Subrina Aiken, a registered nurse and the Clinical Administrative Assistant at the MDOC's Jackson Health Care Office Administration, addressed Plaintiff's grievance at the second step. She noted that Plaintiff had refused nursing appointments, had indicated his dislike for a couple of the nurses, and only wanted to see the doctor. She also noted that Plaintiff was seen by the doctor, they discussed the Complera, and the doctor noted that Plaintiff's physical complaints did not reflect any serious illness.

Plaintiff sues Defendant Aiken for her Step II response.

Defendant Richard D. Russell, Grievance Section Manager for the MDOC Office of Legal Affairs, considered Plaintiff's Step III appeal and upheld the prior responses. Plaintiff sues Defendant Russell for his response.

Plaintiff contends he cannot eat, is always nauseous, and has recurring headaches. He seeks immediate injunctive relief to safeguard him from the MDOC's inadequate healthcare, toxicology tests of all of his organs, and $100,000.00 in emotional damages.

II.      Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III.    Eighth Amendment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied

"[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

At first blush, a claim that a nurse poisoned a patient would appear to satisfy both the objective and subjective components of an Eighth Amendment claim. Careful examination of Plaintiff's grievances, however, suggests that Defendant Doolittle's actions, even if true, were not purposeful. He notes what she did "was negligence" and a "violation of policy." (Step II Grievance Appeal, ECF No. 1-1, PageID.10.) Such statements do not evidence a sufficiently culpable state of mind to support an Eighth Amendment claim. Deliberate indifference requires something more than just negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent . . . does not state a valid claim . . . under the Eighth

5

Amendment."); *see also Flanory v. Bonn*, 604 F. 3d 249, 254 (6th Cir. 2010) ("Deliberate indifference 'entails something more than mere negligence.'"); *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) ("[T]he deliberate indifference standard 'describes a state of mind more blameworthy than negligence . . . .'"); *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) ("Deliberate indifference is a higher standard than negligence . . . ."). Even a showing of gross negligence will not suffice to show deliberate indifference. *See, e.g., Broyles v. Correctional Medical Services, Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) ("To satisfy the subjective component, the defendant must possess a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'"). Accordingly, Plaintiff has failed to state a claim against Defendant Doolittle.

Plaintiff's claims against the remaining Defendants also fail, but for a different reason. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to allege that Defendants Bunting, LeBarre, Aiken and Russell engaged in any active unconstitutional behavior. He alleges only that he was dissatisfied by their responses to his grievance because they did not fix the problem allegedly created by Defendant Doolittle. Accordingly, he fails to state a claim against them.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: August 27, 2018 /s/ Gordon J. Quist
_____
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE